### LANE V. THE STATE.

1. LIQUOR: *License.*
   One who has license to sell liquor may lawfully sell the liquor of another who has no license.

APPEAL from *Franklin* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

#### STATEMENT.

J. A. Lane was indicted in the Franklin Circuit Court for being "unlawfully interested in the sale, to one R. A. Eichenberger, of one pint of whisky, the same being, in quan-

tity, less than one quart of whisky, when the owner thereof had not previously thereto procured a license from the County Court of said Franklin county authorizing the same, against the peace," etc.

He demurred to the indictment; the demurrer was overruled, and he was tried, found guilty, and fined $200. He filed a motion for a new trial, and also in arrest of judgment, for insufficiency of the indictment. Both motions were overruled, and he filed his bill of exceptions, and appealed.

*C. B. Moore, Attorney-General,* for the State :

The indictment is drawn in the language of the Statute, and the case differs from *State* v. *Keith,* 36 *Ark.,* 153, in its charge that appellant was *"interested* in the sale," etc., etc.

The proof shows that he was a partner, and that he sold, etc., and *"if the seller has no license, and the owner or person interested in the sale none, all may be liable."* *State* v. *Keith,* 36 *Ark.,* 153.

HARRISON, J. In this case the defendant is charged in the indictment with having been interested in the sale of the liquor; and in that particular only, differs from the case of *The State* v. *Keith, ante,* in which we held the indictment bad, because it was not alleged that the defendant himself had no license, and that it is not a violation of law for one having a license, to sell the liquor of another who has none.

The demurrer to the indictment should have been sustained.

It is unnecessary to consider the questions raised by the motion for a new trial.

The judgment is reversed.